UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61568-CIV-SINGHAL

JONATHAN K. LEWIS,

    Plaintiff,

v.

BSO and DEPUTY RICHARD DESIR,

    Defendant.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss ("Motion") (DE [18]). The Motion was referred to Magistrate Judge Jared Strauss for a Report and Recommendation on March 24, 2025 (DE [21]). Judge Strauss issued a Report and Recommendation on April 7, 2025, recommending that the Motion be denied (DE [23]) ("Report"). Plaintiff filed its Objections to the Report and Recommendation on April 28, 2025 (DE [25]) ("Objections"). Defendant did not reply to Plaintiff's objections. Thus, the matter is ripe for review.

### I. BACKGROUND

There is no need to rework the facts, background, and applicable legal standards that were articulated by Judge Strauss. This Court adopts Judge Strauss's description of the factual and procedural background and the applicable legal standards in the Report and Recommendation (DE [23]) and incorporates that background by reference herein.

Plaintiff raises several objections. First, Plaintiff argues that the magistrate judge failed to mention Plaintiff's x-ray of his broken ribs in the report. (DE [25], 1). Second,

Plaintiff contends that contrary to the Report's findings, he did sue the proper defendant. (DE [25], ¶¶ 2-3).  Third, he argues that since it is customary for prison staff to mistreat prisoners, he adequately stated a claim under Section 1983.  (DE [25], ¶ 1).  Fourth, he maintains broadly that any argument that he failed to state a claim is frivolous.  (DE [25], ¶¶ 4-7).  Fifth, Plaintiff claims his pleading is not a shotgun pleading because he filed a written grievance at the time of the incident.  (DE [25], ¶ 6).  This Court will address each objection in turn.

## II.     STANDARD OF REVIEW

### A.     Review of a Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made."  28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id*.  The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636.  *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### B.     Motion to Dismiss

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient

2

"to state a claim for relief that is plausible on its face." *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).  Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  However, pleadings that "are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III.  DISCUSSION

First, Plaintiff argues that the magistrate judge failed to mention Plaintiff's x-ray of his broken ribs in the Report.  (DE [25], 1).  While this Court sympathizes with Plaintiff's injury, this objection is not a legal argument sufficient to merit this Court's rejection of Defendants' Motion.

For his second two objections, Plaintiff rehashes old arguments from his Response to Defendants' Motion to Dismiss (DE [20]).  Objections are "improper" if they amount to "nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge," as the "parties are not to be afforded a 'second bite at the apple' when they file objections to a [report and recommendation]."  *Melillo v.*

*United States*, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.) (quoting *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.)). When Plaintiff responded the Defendants' Motion to Dismiss, he already raised the argument that Florida Statute 768.28(9)(a) permits him to sue BSO. *Compare* (DE [20], (b)) with (DE [25], ¶ 3). He also repeats his view that since it is customary for prison staff to mistreat prisoners, that he adequately stated a claim under Section 1983. *Compare* (DE [20], (b)) with (DE [25], ¶ 1). This Court will not permit Plaintiff to take a second bite at the apple.

Finally, Plaintiff argues that (1) any assertion that he failed to state a claim is frivolous and (2) the Complaint is not a shotgun pleading because he filed a written grievance at the time of the incident. (DE [25], ¶¶ 4-7). Plaintiff cites *Rogler v. U.S. Department of Health & Human Services,* 620 F. Supp. 2d 123 (D.D.C. 2009) to support his assertion that he adequately stated a claim. (DE [25], ¶¶ 4-7). But in *Rogler*, the D.C. District Court dismissed the *pro se* petitioner's claim for failing to comply with Federal Rules of Civil Procedure 8(a) and 10(b). *Id.* at 128. As stated in *Rogler*, "[e]ven *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Id*. at 127 (citing *Jarrell v. Tisch,* 656 F.Supp. 237, 239 (D.D.C.1987)). Further, the fact that he filed a written grievance at the time of incident does not exempt him from following the Federal Rules of Civil Procedure. Providing no other legal support, the Court overrules these objections and affirms Judge Strauss's finding that Plaintiff's Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

After reviewing Plaintiff's objections, this Court affirms and adopts Judge Strauss's conclusions in the Report and Recommendation.

## IV. CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that the magistrate judge's Report and Recommendation (DE [23]) is **AFFIRMED** and **ADOPTED**. Defendants' Motion to Dismiss Plaintiff's Complaint (DE [18]) is **GRANTED**. It is **FURTHER ORDERED** that Plaintiff's Objections to the Report and Recommendation (DE [25]) are **OVERRULED**. All causes raised herein by complaint are **DISMISSED WITH PREJUDICE.** The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of May 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF